James Barlow and Josephine Barlow v. The Highway Commissioner of the Township of Oscoda.

*Laying out highways—Commissioner must meet at place specified in notice to land owner or proceedings will be void.*

The failure of a Highway Commissioner to meet at the *place* appointed in his notice to a land owner, to view his premises and ascertain and determine the necessity of laying out a highway, ousts him of jurisdiction of the proceedings. *So, held,* where the notice designated the *dwelling-house,* as the place of meeting, and the Commissioner went to the *barn,* on the same premises, the land owner not being present or assenting to the proceedings taken.

Certiorari to Highway Commissioner. Submitted, on briefs, January 21, 1886. Decided January 27, 1886.

Proceedings to lay out highway quashed.

*Henry & Cornville,* for petitioners.

Morse, J. Certiorari to review the proceedings of a highway commissioner.

Application being made to the commissioner of highways of the township of Oscoda, to lay out a certain highway in said township, affecting the lands of the petitioner, James Barlow, the commissioner, as shown by his return to this Court, served a written notice upon said Barlow that the commissioner would meet at the house of said Barlow, in said township, on the twenty-second day of August, A. D. 1885, at 5 o'clock P. M., to proceed to view the premises described in application and notice, and ascertain and determine the necessity of laying out the highway therein described, and to appraise the damages thereon. The notice was dated, and served, on the seventh of August, 1885.

The commissioner admits, in his return, that he did not meet at the house of the said James Barlow, at all, upon the day specified in said notice, but that he went to the barn of said Barlow, on that day, reaching there about 20 minutes

past five o'clock in the afternoon, and found at the barn a man, who he was informed and believed to be a servant of said James Barlow: that this man told him Barlow was not at home. Thereupon he proceeded to view the premises, and determined that the same was necessary for a highway, and he appraised the damages of said Barlow at $25.

There are numerous reasons urged against the validity of the proceedings of the commissioner, some of which are good under the former decisions of this Court; but the failure of this officer to meet at the place appointed is fatal. It is shown that Mr. Barlow was at his house at 5 o'clock and after, and, even if he had not been, the commissioner was bound to meet there or lose jurisdiction of the proceedings. It is not necessary to notice the other defects.

The proceedings must be quashed and held for naught.

The other Justices concurred.